IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

MARK ANTHONY TEAS,

    Plaintiff,

v.                                                                                         Civil Action No. 5:12-cv-134

DETECTIVE MCCALLEN, et al.,

    Defendants.

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR EMERGENCY INJUNCTIVE RELIEF**

*I. INTRODUCTION*

The *pro se* Plaintiff initiated this case on August 31, 2012, by filing a civil rights complaint alleging constitutional violations that occurred during a traffic stop initiated by the above named defendants, and during events that transpired subsequent to his arrest. Plaintiff is currently incarcerated at the Northern Regional Jail in Moundsville, West Virginia, awaiting a felony trial on state charges. Currently pending before the Court is Plaintiff's Motion For Emergency Injunctive Relief (Doc. 14). Specifically, Plaintiff seeks an Order requiring the Northern Regional Jail to allow him to spend at least eight hours per week in the law library.

*II. DISCUSSION*

The standard for granting injunctive relief in this circuit is set forth in *Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342 (4th Cir.2009). As articulated in *Real Truth*, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id*. at 346 (citations omitted).

Without specifically addressing the other factors, Plaintiff's claim for a preliminary injunction clearly fails to satisfy the first factor because Plaintiff cannot succeed on the merits of his request for injunctive relief. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.") To state a cognizable claim for denial of meaningful access to the courts a prisoner must allege a specific, actual injury resulting from the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996); *see also Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996).

> The *Lewis* Court further explained that
>
>> the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, or habeas petitions. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), we extended this universe of relevant claims only slightly, to "civil rights actions"—i.e., actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights."

*Lewis*, 518 U.S. at 354 (internal citations omitted). Thus, a civil claim, as is the instant one, regarding a denial of access to the courts receives less scrutiny than if the claim were a criminal appeal or collateral attack on a conviction.

It is in the requirement that a prisoner must show actual injury that Plaintiff's claim must fail. Plaintiff alleges in his motion that he has limited knowledge of the civil court process, his case involves complex issues, and the regional jail only allows him one hour per week to conduct research. This is not the type of injury envisioned by the *Bounds* Court–a denial of access to the courts. As Judge Easterbrook has sagaciously argued:

> A demonstration of inability to present a legal claim is an essential ingredient of a suit such as this because the prisoner must be able to show that the [jail's] rules interfered with his entitlement (access to the courts) rather than with a mere instrument for vindicating an entitlement (access to books). When a prisoner who has had full access nonetheless contends that the law library services are not adequate, he is making a contention that only affects third parties, and thus inviting us to overstep the bounds of judicial authority. It is as if a prisoner who always has received adequate medical care files a suit contending that the prison's physicians are not adequately trained, that the infirmary is poorly equipped, and so on. Such shortfalls might cause harm, but unless they have worked to the plaintiff's detriment he is not the right person to protest them.

*Demallory v. Cullen*, 855 F.2d 442, 452 (7 Cir. 1988) (dissenting); *see also Strickler v. Waters*, 989 F.2d 1375, 1385 (4th Cir. 1993) (quoting Judge Easterbrook and finding the same). Plaintiff has not been denied the ability to bring a claim because he filed the instant suit, and seven motions to date. Clearly Plaintiff has some knowledge of the court system, which enabled him to engage in the civil process thus far.

## *III. CONCLUSION & RECOMMENDATION*

Plaintiff has not demonstrated an injury that flows from his one hour access to the law library. Thus, he would not be able to succeed on the merits of his claim. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Emergency Injunctive Relief (Doc. 14) be **DENIED**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff

by certified mail, return receipt requested, to his last known address as shown on the docket, and to any other counsel of record, as applicable.

DATED: November 5, 2012 /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE