# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**MARK ANTHONY TEAS,**

    **Plaintiff,**

**v.**                                                                                            **Civil Action No. 5:12-CV-134**
                                                                                            **(Bailey)**

**DETECTIVE MCCALLEN,**
**PFC. W.M. WHITELATCH,**
**LT. MURRY, AND**
**PTLM. SAYMEN,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge James E. Seibert [Doc. 84]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on May 1, 2013 [Doc. 84]. In that filing, the magistrate judge recommends that this Court grant in part and deny in part Defendants' Motion for Summary Judgment [Doc. 64] filed on February 27, 2013 [*See* Doc. 84 at 18]. In particular, the magistrate judge recommends that this Court (1) grant the motion for summary judgment on all counts as they pertain to defendants Whitelatch, Murry, and Saymen, (2) grant the motion for summary judgment on Count Five, Count Seven, and Counts Three and Four with respect to the plaintiff's Fourth Amendment claims regarding the traffic stop, property searches, detention, and arrest as they pertain to defendant McCallen, and (3) deny the motion for summary judgment on Count Two and Counts Three

and Four with respect to the plaintiff's Fourth Amendment claims regarding the ***Terry***[1] frisk as they pertain to defendant McCallen [*Id.*].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket sheet reflects that service of the R&R was accepted on May 6, 2013 [Doc. 85]. The defendants timely filed their objections on May 15, 2013 [Doc. 86]. The plaintiff filed timely objections on May 21, 2013 [Doc. 87]. Although the plaintiff's objections were not docketed until May 28, 2013, the plaintiff indicates that he placed his objections in the prison mailing system on March 21, 2013 [*Id.* at 6]. As such, this Court will construe the plaintiff's objections as timely. See ***Houston v. Lack***, 487 U.S. 266, 276 (1988) (finding that a document is considered filed with the court by a *pro se* prisoner when that prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"). Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be

---

[1] ***Terry v. Ohio***, 392 U.S. 1 (1968).

reviewed for clear error.

## I. Factual and Procedural History

On August 31, 2012, the plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 [Doc. 1]. In his Complaint, the plaintiff alleges various constitutional violations pertaining to a July 10, 2012, traffic stop and arrest as well as searches of his person and various property [*Id.*].[2] The plaintiff's Complaint includes the following claims: (1) harassment, (2) excessive force, (3) illegal search and seizure, (4) violation of due process, and (5) cruel and unusual punishment [*Id.*]. On October 5, 2012, the plaintiff filed an Amended Complaint [Doc. 15-1]. In his Amended Complaint, the plaintiff asserted an additional claim (false imprisonment) and alleged additional facts in support of his cruel and unusual punishment claim [*Id.*].

On December 10, 2012, the defendants filed an Answer to the plaintiff's Complaint [Doc. 45]. On February 27, 2013, the defendants a filed Motion for Summary Judgment [Doc. 64] and a memorandum in support thereof [Doc. 65], seeking summary judgment on all of the claims raised by the plaintiff [*See* Docs. 64 and 65]. After receiving an extension of time to file his response opposing summary judgment [Doc. 76], the plaintiff filed an Objection to Defendants [*sic*] Motion for Summary Judgment [Doc. 83] on April 19, 2013.

On May 1, 2013, the magistrate judge issued his R&R [Doc. 84], recommending that this Court grant in part and deny in part the Defendants' Motion for Summary Judgment [*Id.* at 18]. On May 15, 2013, the defendants filed timely objections to the magistrate judge's

---

[2]This Court hereby adopts the background section of the magistrate judge's R&R, which further details the events leading up to and occurring on July 10, 2012 [*See* Doc. 84 at 2-3].

R&R to the extent that the magistrate judge concluded that the defendants' Motion for Summary Judgment should be denied in part [Doc. 86]. On May 21, 2013, the plaintiff filed his Objection to Defendant's Objection to Report & Recommendation [Doc. 87]. In this filing, the plaintiff argues that this Court "should deny all objections to Magistrate [Judge] Seibert's decision and allow his decisions to stand" [*Id.* at 6].

## II. Applicable Law

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. *See* FED. R. CIV. P. 56. The Supreme Court of the United States and the Fourth Circuit Court of Appeals ("Fourth Circuit") have recognized the application of Rule 56 in habeas cases. *See* **Blackledge v. Allison**, 431 U.S. 63, 80-81 (1977); and **Maynard v. Dixon**, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). That is, once the movant has met its

4

burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

### III. Discussion

#### A. Eighth Amendment Claims

In their objections, the defendants do not object to the magistrate judge's conclusion that the plaintiff's Eighth Amendment claims fail as a matter of law [*See* Doc. 86]. The plaintiff filed objections [Doc. 87] to the defendants' objections; however, he did not raise any argument pertaining to the magistrate judge's conclusion that the Eighth Amendment claims fail as a matter of law [*Id.*]. Accordingly, this Court will review this portion of the R&R for clear error. Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation regarding the dismissal of the plaintiff's Eighth Amendment claims should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report and recommendation.

#### B. Harassment and Due Process Claims

In their objections [Doc. 86], the defendants do not object to the magistrate judge's conclusion that the plaintiff's harassment and due process claims raised in Counts One and Four of the plaintiff's Complaint [Doc. 1 at 7-8, 10, 17-18] should be analyzed as a Fourth Amendment claim regarding the "right to be free from unreasonable search and seizure" [Doc. 84 at 5]. The plaintiff filed objections [Doc. 87] to the defendants' objections; however, he did not raise any argument pertaining to the magistrate judge's conclusion that

the harassment and due process claims should be analyzed as Fourth Amendment claims [*Id.*]. Accordingly, this Court will review this portion of the R&R for clear error. Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation regarding the analysis of the plaintiff's harassment and due process claims as Fourth Amendment claims should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report and recommendation.

### C. Fourth Amendment Claims Against Defendants Whitelatch, Murry, and Saymen

In their objections, the defendants do not object to the magistrate judge's conclusion that the Fourth Amendment claims fail as a matter of law as they pertain to defendants Whitelatch, Murry, and Saymen [*See* Doc. 86]. The plaintiff filed objections [Doc. 87] to the defendants' objections; however, he did not raise any argument pertaining to the magistrate judge's conclusion that the Fourth Amendment claims against defendants Whitelatch, Murry, and Saymen fail as a matter of law [*Id.*]. Accordingly, this Court will review this portion of the R&R for clear error. Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation regarding the dismissal of the plaintiff's Fourth Amendment claims against defendants Whitelatch, Murry, and Saymen should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report and recommendation. As such, **defendants Whitelatch, Murry, and Saymen** are hereby **DISMISSED with prejudice** as defendants in this proceeding.

### D. Fourth Amendment Claims Against Defendant McCallen

In Counts Three and Four of his Complaint, the plaintiff raises various Fourth Amendment claims against Detective McCallen [Doc. 1]. The claims stem from (1) the

traffic stop, (2) the search of the plaintiff's person (*i.e.*, **Terry**[3] Frisk), (3) the search of the vehicle in which the plaintiff was a passenger, (4) the length of detention during the various searches, (5) the search of the plaintiff's mother's property, (6) the search of the vehicle on the plaintiff's mother's property, and (7) the plaintiff's arrest [Doc. 1]. In Count Seven of his Amended Complaint, the plaintiff raises a false imprisonment claim based upon his detention, arrest, and subsequent incarceration [Doc. 15-1 at 1]. In support of this claim, the defendant reiterates his arguments that the property searches conducted by the officers were in violation of the Fourth Amendment [*Id.*]. Accordingly, in the R&R, the magistrate judge included the analysis of the plaintiff's false imprisonment claim under the Fourth Amendment portion of the R&R [*See* Doc. 84 at 13].

### 1. Traffic Stop, Property Searches, Detention, and Arrest

In the R&R, the magistrate judge concluded that the Motion for Summary Judgment should be granted with regard to the plaintiff's Fourth Amendment claims against Defendant McCallen to the extent that they pertain to the (1) the traffic stop, (2) the search of the vehicle in which the plaintiff was a passenger, (3) the length of detention during the various searches, (4) the search of the plaintiff's mother's property, (5) the search of the vehicle on the plaintiff's mother's property, and (6) the plaintiff's arrest [Doc. 84]. In addition, the magistrate judge concluded that the plaintiff's false imprisonment claim failed as a matter of law for the same reasons that he determined that the property searches were not unconstitutional [*Id.* at 13]. In their objections, the defendants do not object to the magistrate judge's conclusion that the Motion for Summary Judgment be granted with

---

[3] ***Terry v. Ohio***, 392 U.S. 1 (1968).

regard to these Fourth Amendment claims against Defendant McCallen [*See* Doc. 86]. The plaintiff filed objections [Doc. 87] to the defendants' objections; however, he did not raise any argument pertaining to the magistrate judge's conclusion that the Fourth Amendment claims against defendant McCallen pertaining to (1) the traffic stop, (2) the search of the vehicle in which the plaintiff was a passenger, (3) the length of detention during the various searches, (4) the search of the plaintiff's mother's property, (5) the search of the vehicle on the plaintiff's mother's property, and (6) the plaintiff's arrest fail as a matter of law [*Id.*]. Accordingly, this Court will review this portion of the R&R for clear error.

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation regarding the dismissal of the plaintiff's Fourth Amendment claims against defendant McCallen pertaining to the (1) the traffic stop, (2) the search of the vehicle in which the plaintiff was a passenger, (3) the length of detention during the various searches, (4) the search of the plaintiff's mother's property, (5) the search of the vehicle on the plaintiff's mother's property, and (6) the plaintiff's arrest should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report and recommendation.

### 2. Personal Search (*i.e.*, *Terry* Frisk)

In their objections, the defendants object to the magistrate judge's conclusion that the Motion for Summary Judgment be denied with regard to the plaintiff's Fourth Amendment ***Terry***[4] frisk claim and excessive force claim against Defendant McCallen [Doc. 86]. The plaintiff does not object to the magistrate judge's conclusion regarding the denial

---

[4] ***Terry v. Ohio***, 392 U.S. 1 (1968).

of the defendants' Motion for Summary Judgment on this issue; however, the plaintiff does object to the defendants' objection on this issue [Doc. 87]. Because the defendants object to the magistrate judge's conclusion on this issue, this Court will review this portion of the R&R under a *de novo* standard of review.

In the R&R, the magistrate judge concluded that the defendants' Motion for Summary Judgment should be denied with regard to the *Terry* frisk claim against Defendant McCallen [Doc. 84 at 13-18]. In reaching this conclusion, the magistrate judge noted that (1) Defendant McCallen stated that he believed that the plaintiff had drugs on his person, (2) there was no information from the confidential informant that the plaintiff had a firearm, (3) the police officers did not approach the vehicle with their guns drawn, (4) the police officers did not unholster their weapons after speaking to the occupants of the vehicle, and (5) the police officers had no knowledge that the plaintiff carried arms or was otherwise dangerous [*Id.* at 15].[5] As such, the magistrate judge concluded that a genuine issue of material fact existed with regard to the plaintiff's *Terry* frisk claim against Defendant McCallen [*Id.* at 16]. In addition, the magistrate judge concluded that the defendants' Motion for Summary Judgment should be denied with regard to the excessive force claim against Defendant McCallen [*Id.* at 16-18]. In reaching this conclusion, the magistrate judge noted that "it is Plaintiff's word against the officer's, who vehemently denies performing the search in [the] manner [alleged by the plaintiff]" [*Id.* at 17]. In addition, the magistrate judge noted that there is "some inconsistency between witness

---

[5]The magistrate judge further concluded that Defendant McCallen is not entitled to qualified immunity [Doc. 84 at 15-16]; however, the defendants raise no objection to this conclusion [*See* Doc. 86].

9

statements," which is relevant to the jury's determination of witness credibility [*Id.* at 18].

The defendants argue in their objections that Defendant McCallen had a reasonable suspicion that (1) criminal activity was afoot prior to the traffic stop, (2) drugs were present in the vehicle, and (3) the plaintiff might be armed based upon the suspected amount of drugs [Doc. 86 at 4-6]. The defendants further argue that, if the magistrate judge found that the police officers had reasonable suspicion to detain the plaintiff and the driver of the vehicle on the side of the road, then there must have been reasonable suspicion to also conduct a *Terry* frisk [*Id.* at 7]. In addition, the defendants argue that the seizure of the plaintiff's wallet did not violate the plaintiff's Fourth Amendment rights because the wallet was in plain view [*Id.* at 8-9]. With regard to the magistrate judge's conclusion that there is conflicting evidence regarding whether the other defendants saw Defendant McCallen conduct an invasive search of the plaintiff, the defendants state that "the fact that [the defendants] state in their respective affidavits that they 'did not observe anything improper in the manner in which Detective McCallen searched Plaintiff' does not preclude a finding that defendants did not actually recall observing Detective McCallen conduct the search" [*Id.* at 10, n.3]. The defendants further state that the fact that affidavits are typically drafted by attorneys and discovery requests are not conducive to simple "yes" and "no" answers could lead to the appearance of a discrepancy in the evidence [*Id.*]. As a final matter, the defendants argue that Defendant McCallen's allegedly intrusive search was reasonable because it is not unreasonable for a police officer to think that the plaintiff could have been hiding a weapon, such as a knife, under his scrotum [*Id.* at 9-12].

In his objections to the defendants' objections, the plaintiff argues that there is no evidence that he posed a threat to the police officers [Doc. 87 at 1-2]. In addition, the

plaintiff points to the fact that (1) no police officer inquired about weapons, (2) Defendant McCallen stated that he was looking for narcotics when he was searching the plaintiff, and (3) the plaintiff was wearing tight-fitting clothes at the time of the search [*Id.* at 2, 4-5]. The plaintiff also argues that the seizure of his wallet inappropriately occurred nearly one hour before he was arrested and that the money inside the wallet cannot be subject to the plain view doctrine [*Id.* at 2-4].

A police officer may perform a patdown or frisk of a suspect's outer clothes for weapons to permit the officer to conduct his investigation without fear of violence. **Terry v. Ohio**, 392 U.S. 1 (1968); **Adams v. Williams**, 407 U.S. 143, 146 (1972). Such a right extends to a patdown of a driver and passenger of a vehicle that the police officer has stopped. **Arizona v. Johnson**, 555 U.S. 323, 326 (2009). However, "the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous. *Id.* at 327; *see also* **Adams**, 407 U.S. at 146. Such a frisk is not proper if the police officer is merely searching for evidence of crime. *Id.*

The defendants argue that it was reasonable for Defendant McCallen to conduct a frisk of the plaintiff because the police officers believed that the plaintiff was carrying roughly $70,000-$80,000 worth of Oxycontin, thereby creating a reasonable suspicion that the plaintiff might be armed [Doc. 86 at 5 (relying on **United States v. Sakyi**, 160 F.3d 164 (4th Cir. 1998), and **United States v. Perrin**, 45 F.3d 869 (4th Cir. 1995)[6]]. In **Sakyi**, the Fourth Circuit held that, "in connection with a lawful traffic stop of an automobile, when the

---

[6]This Court notes that **Perrin** deals with a **Terry** search of a vehicle and is, therefore, not on point to the defendants' argument pertaining to the **Terry** frisk of the plaintiff at issue in this case. As such, this Court will not further address this case in this Order.

11

officer has a reasonable suspicion that illegal drugs are in the vehicle, the office may, in the absence of factors allaying his safety concerns, order the occupants out of the vehicle and pat them down briefly for weapons to ensure the officer's safety and the safety of others." 160 F.3d at 169. In reaching this holding, the Fourth Circuit noted that "guns often accompany drugs." *Id.* at 169; see also *id.* at 170. However, even if this Court were to overlook the distinguishing factors between *Sakyi* and this case,[7] *Sakyi* does not support the defendants' argument that it was reasonable for defendant McCallen to conduct a patdown of the plaintiff's inner clothing as well as under the plaintiff's scrotum and testicles.

In *Sakyi*, the Fourth Circuit was "faced with merely a limited pat-down of the outer clothing . . .." *Sakyi*, 160 F.3d at 169. In this case, there is conflicting evidence as to whether Defendant McCallen's frisk extended beyond a brief patdown of the plaintiff's outer clothes and included a search inside the plaintiff's underwear and under his scrotum and testicles. There is evidence that could be interpreted as the other defendants stating that they did not witness any search of the defendant's inner clothing as well as evidence that the other defendants did not see any excessive force or anything inappropriate with the search conducted by Defendant McCallen. Although the defendants argue that there is no genuine issue of material fact because the conflicting evidence might simply be a result of the fact that attorneys drafted the affidavits signed by the various defendants and the

---

[7]In *Sakyi*, when the glove compartment was opened in front of the police officer, he directly observed a cigar box that often indicated the presence of marijuana in his experience. 160 F.3d at 169. In addition, the traffic stop had occurred in a high crime area "across from two of the most common places along the parkway for violations involving drugs and guns." *Id.* In addition, the individual on whom the police officer conducted the *Terry* frisk was wearing loose clothing, which made it difficult for the police officer to assess whether the individual might be armed. *Id.*

12

inability to respond to discovery requests with a simple "yes" or "no" answer, the weighing of the evidence and the credibility determination of witnesses is a jury matter. As such, the defendants' Motion for Summary Judgment must be denied with regard to the plaintiff's *Terry* frisk claim against Defendant McCallen. For the same reasons, the defendants' Motion for Summary Judgment must also be denied with regard to the plaintiff's excessive force claim against Defendant McCallen. Accordingly, this Court agrees with the magistrate judge's conclusion that the defendants' Motion for Summary Judgment should be denied with regard to these claims and hereby **OVERRULES** the Defendants' Objections **[Doc. 86]** on these issues and **SUSTAINS** the plaintiff's Objections to the Defendants' Objections **[Doc. 87]**. As such, this Court hereby **ADOPTS** the magistrate judge's R&R **[Doc. 84]** on these issues and **DENIES in part** the Defendants' Motion for Summary Judgment **[Doc. 64]** with regard to the plaintiff's *Terry* frisk and excessive force claims against Defendant McCallen.

## IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 84]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Furthermore, the defendants' Objections **[Doc. 86]** are **OVERRULED**. To the extent that the plaintiff's Objections [Doc. 87] oppose the defendants' Objections, the plaintiff's Objections **[Doc. 87]** are **SUSTAINED**. Accordingly, this Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motion for Summary Judgment **[Doc. 64]**. This Court **GRANTS** the motion for summary judgment **[Doc. 64] on all counts as they pertain to defendants Whitelatch, Murry, and Saymen**. As such, **defendants Whitelatch,**

**Murry, and Saymen** are hereby **DISMISSED with prejudice** from this proceeding. In addition, this Court **GRANTS** the motion for summary judgment **[Doc. 64] on Count Five** (Cruel and Unusual Punishment)**, Count Seven** (False Imprisonment)**, and Counts Three and Four as they pertain to** the plaintiff's **Fourth Amendment claims against defendant McCallen regarding the traffic stop, property searches, detention, and arrest**. This Court **DENIES** the motion for summary judgment **[Doc. 64]** on **Counts Three and Four as they pertain to** the plaintiff's **Fourth Amendment claims against defendant McCallen regarding the** *Terry* **frisk**. In addition, this Court **DENIES** the motion for summary judgment **[Doc. 64]** on **Count Two** regarding the plaintiff's excessive force claim **against defendant McCallen**. The Clerk is directed to enter a separate judgment in favor of defendants Whitelatch, Murry, and Saymen.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** June 3, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE